UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

DANIEL LEBOUEF                                          CIVIL ACTION

VERSUS                                                  NO: 21-210

CROSBY TUGS, LLC                                        SECTION: "A" (1)

## ORDER AND REASONS

The following motions are before the Court: **Motion for Partial Summary Judgment (Rec. Doc. 14), Motion in Limine to Exclude Plaintiff's Safety Expert (Rec. Doc. 15),** and **Motion in Limine to Exclude Plaintiff's Economic Expert (Rec. Doc. 16)** filed by the defendant, Crosby Tugs, LLC. The plaintiff, Daniel LeBouef, opposes the motions. The motions, noticed for submission on August 31, 2022, are before the Court on the briefs without oral argument.

Plaintiff is a Jones Act seaman who alleges injury while working aboard the defendant's vessel, the M/V CROSBY CRUSADER. The shoulder injury occurred while Plaintiff was throwing a heaving line to a nearby barge while being directed by his superior. The case is scheduled for a jury trial on October 17, 2022.

Defendant moves for summary judgment on the Jones Act negligence and unseaworthiness claims contending that it breached no duty under the facts.[1] The

---

[1] Defendant characterizes its motion as a motion for *partial* summary judgment because it does not dispute the claim for maintenance and cure. Plaintiff was 55 years old when he was injured and had been employed with defendant for nearly 25 years. Unfortunately, as a youth he struggled in his special education classes and left school in the seventh grade. He is illiterate.
    As to the Jones Act and unseaworthiness claims, the relief sought is not partial given that Defendant seeks dismissal of those claims on the merits.

1

parties dispute whether the task that Plaintiff was performing at the time of the injury was merely routine or out of the ordinary given the circumstances at the time.

The Court is persuaded that Plaintiff should be allowed to present his case to a jury, who will decide whether the vessel was unseaworthy and whether Defendant breached a duty to Plaintiff causing him injury.

The motion in limine to exclude Plaintiff's safety expert is denied. The Court does not agree that lay persons will not benefit from Captain Stoller's opinions.

The motion in limine to exclude Plaintiff's economic expert is likewise denied. Defendant takes issue with the expert's inclusion of $72,210.00 in past and future meals based on a per diem rate of $34 per day. To the extent that Defendant challenges this element of economic damages prospectively as being too speculative, the Court agrees with Plaintiff's contention that this argument just goes to the weight of the evidence. But as to past meals, given that Plaintiff has been paid maintenance since the accident, the Court shares Defendant's concern regarding potential double dipping. In response, Plaintiff points out that there has been no determination by the trier of fact that all maintenance due has been paid.

As the Court appreciates Dr. Wolfson's report, only the $14,794 component of the meal benefits would potentially overlap with the past maintenance payments. Although the Court denies the motion in limine at this time, if the trier of fact concludes that all maintenance due has been paid then Plaintiff cannot recover the $14,794. The Court urges the parties to reach a stipulation as to maintenance and cure and the meals benefit due from the accident to the date of trial.

Accordingly, and for the foregoing reasons;

**IT IS ORDERED** that the **Motion for Partial Summary Judgment (Rec. Doc. 14), Motion in Limine to Exclude Plaintiff's Safety Expert (Rec. Doc. 15),** and **Motion in Limine to Exclude Plaintiff's Economic Expert (Rec. Doc. 16)** filed by the defendant, Crosby Tugs, LLC are **DENIED.**

September 7, 2022

_____
JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE